IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

DENA BULLARD,

        Plaintiff,

Vs.                                  No. 09-4024-SAC

THE GOODYEAR TIRE
AND RUBBER COMPANY,

        Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the parties' responses (Dks. 86 and 90) to the court's order to show cause (Dk. 84), on the plaintiff's motion for leave to file under seal (Dk. 80), on the defendant's motion for leave to file under seal (Dk. 88), and on the defendant's motion for extension of time to file reply (Dk. 83). When the plaintiff in this employment discrimination case sought leave to file under seal her entire response to the summary judgment and the attachments, the court issued its first show cause order in an attempt to learn what was unique about this case as to justify this unusual request. (Dk. 81). What the court learned from the plaintiff was that she believed her request was consistent with the protective order and was grounded on the same reasons for the defendant

seeking and receiving approval to file under seal certain exhibits offered with its motion for summary judgment. At this point, the court became concerned that exhibits had been sealed contrary to the precedent in this circuit, and so it issued a second show cause order laying out the legal standards for the parties to consider in their written responses. (Dk. 84). The court noted that the defendant's earlier motion for leave to file under seal had been granted without the defendant "providing any specific facts upon which the Court could base a finding of public or private harm that would overcome the public's right of access to judicial records." *Id.* at 3.

The defendant candidly responds that its earlier motion for leave to file under seal was motivated by its compliance with the protective order and by its efforts to preserve confidential personnel records and proprietary information. The defendant does not object to removing all exhibits previously sealed with the following exceptions: Exhibit 11 is a business record detailing the defendant's economic loss from an employee's error; Exhibit 12 is a position statement prepared for the defendant that discloses six area managers' monthly salaries at the plant; Exhibits 13 through 18 disclose the names of certain non-party employees involved in personnel and disciplinary matters; and Exhibits 5,6, 7 and 22

2

include the plaintiff's social security number that will need to be redacted.

The plaintiff generally responds that her personnel records span her 33 years of employment with the defendant and refer to alleged disciplinary action, "accusations of alcohol usage," and other accusations of misconduct that the court should analyze in deciding if the harm to the plaintiff overcomes the public's right to access. (Dk. 90, p. 2). The plaintiff reserves the opportunity to redact personal data identifiers should the court deny her motion for leave to seal.

While both parties refer to their agreed protective order, the court's two show cause orders made it clear that more is needed for filing matters under seal. That a party's request to seal "is unopposed or that it refers to material protected from disclosure by a protective order is not, in itself, sufficient basis for this Court to seal." *Carefusion 213, LLC, v. Professional Disposables, Inc.*, 2010 WL 2653643 (D. Kan. June 29, 2010). Judge Lungstrum recently wrote:

> The fact that the exhibits are "confidential" within the meaning of the parties' protective order has no bearing on whether those exhibits should be sealed in the record. The disclosure analysis is simply not the same under Rule 26(c), which applies to private materials uncovered in discovery that are not part of the judicial record. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). The disclosure analysis under Rule 26(c) generally balances the need for discovery against the need for confidentiality. *Id.* But once

such discovery material is filed with the court, it becomes a judicial record and the standard that applies when a party wants to keep such material under seal is much higher. *Id.* (collecting cases distinguishing between Rule 26(c) and status of materials attached to dispositive motion). Defendants have not satisfied that standard with their general arguments that the documents are "confidential."

*New Jersey and its Div. of Inv. v. Sprint Corp.*, 2010 WL 5416837 at *2 (D. Kan. Dec. 17, 2010). This higher standard is aptly stated and explained in the following:

> It is well settled that federal courts recognize a common-law right of access to judicial records. This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to assure that the courts are fairly run and judges are honest. This public right of access, however, is not absolute. Because federal district courts have supervisory control over their own records and files, the decision whether to allow access to those records is left to the court's sound discretion. In exercising that discretion, the court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record or a portion thereof. Documents should be sealed only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture.

*Carefusion 213*, 2010 WL 2653643 at *1 (footnotes, quotation marks and citations omitted). "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Mann v. Boatwright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (internal quotation marks and citation omitted), *cert. denied*, 552 U.S. 1098

(2008). Specifically, the party "must come forward with evidence as to the nature of the public or private harm that would result if it were so filed." *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, 2007 WL 101858, at *5 (D. Kan. 2007).

The plaintiff has not articulated and presented facts to sustain her burden of showing significant, non-speculative harm as to overcome the presumption. The "accusations" found in the plaintiff's employment record, as well as the evidence surrounding these alleged events, are central issues in the pending summary judgment proceeding of this employment discrimination case. The public certainly is entitled to know why, how and on what basis the court decided the summary judgment motion. The plaintiff makes no attempt to show the harm here to be significantly greater and more serious than that faced by many employment discrimination plaintiffs, and "there is no tradition of anonymous employment litigation." *Peru v. T-Mobile USA, Inc.*, 2010 WL 2724085 at *3 (D. Colo. 2010). The court appreciates that personnel files of employees may contain confidential information that when revealed could result in economic or emotional harm. *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 73 (S.D.N.Y. 2010); *Dahdal v. Thorn Americas, Inc.*,

1997 WL 599614 at *1 (D. Kan. Sept. 15, 1997). Even so, this does not relieve the plaintiff of showing how her privacy interest in certain information outweighs the public's right to know the central issues of her employment discrimination case and the evidence surrounding them. The court denies the plaintiff's motion for leave to file under seal. The plaintiff shall file promptly her response and exhibits redacting any personal data identifiers such as social security number and date of birth.

The defendant's response requires the court to consider two exhibits that the defendant labels as proprietary information and several other exhibits referring to a workmanship error committed by a non-party employee and the disciplinary notes related to this error and subsequent events. This employee was under the plaintiff's supervision, and her handling of this discipline is one of the defendant's stated reasons for terminating the plaintiff. The court will address these matters individually.

The defendant describes exhibit 11 as business records detailing its economic loss from the workmanship error and including proprietary business information about product specifications. While the calculated economic loss total for the workmanship error has not been shown to be proprietary information, the court appreciates that the

specifications for the products involved in those calculations would fall within this category.  The potential economic harm to the defendant from disclosing these protected specifications outweighs the public's right to access them on the narrow grounds of their relevance in this case.  This same exhibit is the only document involved in the defendant's motion for leave to file under seal (Dk. 88).  The court grants that motion.

        The defendant describes exhibit 12 as part of Goodyear's filed "response to the EEOC which includes information regarding pay rates for area managers." (Dk. 86, p. 4).  This page of the exhibit includes a table describing the monthly pay for the six area managers in the Earth Mover Division from September 17, 2006, through September 17, 2007.  The report discloses that area manager pay is based on merit.  This is a simple and narrow listing of actual monthly wages of six area managers during the time period immediately preceding the plaintiff's discharge.  The defendant's response fails to explain how this information necessarily qualifies as "employee pay scales" rising to the level of "sensitive business information."  This showing cannot be inferred from the face of this document prepared for and submitted to the EEOC.  This evidence is significant in this case and is narrowly structured to address the particular

7

issues here.  Having failed to rebut the presumption, the court denies the defendant's request to keep exhibit 12 under seal.

The defendant would like the opportunity to redact the non-party employee's name from exhibits 13 through 18 or for the exhibits to remain under seal.  The defendant's filed summary judgment memoranda already discuss this employee by name as well as the workmanship error and the related disciplinary efforts.  The privacy interest of non-party employees in the confidential information found in their personnel files can be a significant interest, particularly when the "[r]evelation of such information could cause economic or emotional harm" or embarrassment.  *Dahdal*, 1997 WL 599614 at *1.  The court is not persuaded that the exhibits here implicate privacy interests that are plainly significant in their potential for economic or emotional harm.  The exhibits focus on the single workmanship error, and the different efforts taken to address the proper discipline.  Both of these events and the plaintiff's supervisory involvement in them are central issues in the defendant's stated reasons for discharging the plaintiff.  Moreover, the court does not find the nature of the workmanship error and of the disciplinary procedures to be particularly embarrassing or harmful.  Because the employee's name has already been

8

associated with these matters in the filed pleadings, in particular, the pretrial order (Dk. 62), further efforts at redaction and/or sealing the exhibits are of questionable worth. On the facts and circumstances of this case, the court does not find that the balance favors denying public access to these exhibits.

In sum, the court modifies its prior order sealing certain exhibits filed by the defendant in support of its summary judgment order. The defendant is granted leave to file exhibit 11 under seal and is directed to remove all other exhibits filed under seal after redacting any personal data identifiers such as social security numbers and date of birth. The plaintiff is denied leave to file her response and exhibits under seal and is directed to redact any personal data identifiers before filing publicly.

IT IS THEREFORE ORDERED that the court's order (Dk. 70) is hereby modified as to grant the defendant leave to file only exhibit 11 under seal and the defendant shall remove all other sealed exhibits (Dk. 71) and promptly file them of record after redacting any personal data identifiers;

IT IS FURTHER ORDERED that plaintiff's motion for leave to file under seal (Dk. 80) is denied, and the plaintiff shall file promptly her response and exhibits redacting any personal data identifiers such as

social security numbers and date of birth.

IT IS FURTHER ORDERED that the defendant's motions for extension of time to file reply (Dk. 83) and motion for leave to file under seal (Dk. 88) are granted.

Dated this 12th day of April, 2011, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge